1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK N. KELLEY,

                            Plaintiff,

          v.

VICTORIA ROBERTS,

                            Defendants.

Case No.  C07-5288FDB

ORDER

13    This matter is before the court on (1) Defendant's motion to dismiss (Doc.13), (2) Plaintiff's

14   motion for an extension of time (Doc. 18), and (3) Plaintiff's motion for appointment of counsel (Doc.

15   16).  The Court, having reviewed the record, does hereby find and ORDER:

16         (1) Defendant argues Plaintiff has failed to properly exhaust his administrative remedies, prior to

17   filing this lawsuit.  The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative

18   remedies prior to filing a complaint in federal court.  The relevant portion of the Act states:

19         No action shall be brought with respect to prison conditions under section 1983 of this title,
20         or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
           facility until such administrative remedies as are available are exhausted.

21   42 U.S.C. § 1997e(a).  The Supreme Court recently reviewed the exhaustion requirement and held

22   inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of

23   providing any relief or taking any action in response to the grievance.   Booth v. Churner, 531 U.S. 956,

24   121 S.Ct. 1819, 1825 (2001).   Claims that are not exhausted must be dismissed.  McKinney v. Carey, 311

25   F.3d 1198 (9th Cir. 2002).

26         After reviewing the motion, and Plaintiff's response, the undersigned finds Plaintiff has not shown

27   the court that he has presented a grievance which included the issues raised in his Complaint and

28   completed the grievance process (provided a copy of a Level III response to the court).  However, rather

ORDER
Page - 1

than recommend dismissal at this point, the court finds it appropriate to grant Plaintiff one last opportunity to cure this defect.

(2) Plaintiff's motion for an extension of time is **GRANTED**.  As noted above, Plaintiff is being provided one last opportunity to present proof that the issues and claims raised in his Complaint were properly exhausted.  Accordingly, Plaintiff shall file an additional brief and evidence in response to Defendant's motion to dismiss on or before October 29, 2007.  **The Court will consider the motion to dismiss on November 2, 2007**.

(3)  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED**.

DATED this 24th day of September, 2007.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2