UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK N. KELLEY,

    Plaintiff,

v.

VICTORIA ROBERTS,

    Defendants.

Case No.  C07-5288FDB

REPORT AND RECOMMENDATION

Noted for March 7, 2008

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court on defendant's motion to dismiss (Doc. 13).  After reviewing the motion and balance of the record, the undersigned recommends that the Court grant the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

    Plaintiff, Mark Kelley, is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging Ms. Victoria Roberts has violated his U.S. Constitutional right to freedom of speech, right to peacefully assemble, and right to petition in violation of the First Amendment.   Complaint (Doc. 4) at 3.  Specifically, the Complaint is based on the allegation that Plaintiff was required to sign a contract, as part of a custody classification process, in which defendant required Plaintiff to refrain from helping or assisting other inmates file prison grievances or complete other legal work.  Plaintiff argues this "contract", preventing him from helping other inmates as a jailhouse lawyer deprives him of his federally

protected civil rights.

Defendants now move to dismiss plaintiff's complaint.  Defendants argue the following: (i) Plaintiff failed to exhaust his administrative remedies; (ii) Plaintiff has failed to state a cognizable claim; and (iii) Defendant is entitled to qualified immunity.  After reviewing the matter, the undersigned finds plaintiff has properly exhausted available administrative remedies, but his Complaint fails to state a cognizable claim.

Accordingly, the court should grant defendant's motion to dismiss this matter.

## DISCUSSION

*A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES*

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Supreme Court reviewed the exhaustion requirement and held inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance.  Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819, 1825 (2001); Jones v. Bock, 127 S.Ct. 910, 918-19 (2007).  Claims that are not exhausted must be dismissed.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Defendant argues Plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit.  In her motion defendant argues the following:

> The Plaintiff alleges he filed an initial grievance and the response he received was that it was not a grievable issue. Complaint at 2. He did not attach a copy of this grievance and it is unknown what was actually included in the grievance. DOC records do not indicate the Plaintiff filed any grievances regarding the specifics of the claims in his Complaint. There is a grievance dated December 6, 2006, where the Plaintiff is complaining about DOC policy regarding assisting others with grievances; however, the grievance does not name Victoria Roberts, nor does it mention a contract he was asked to sign. Exhibit 1, Attachment A. The response to the grievance shows that he withdrew the complaint because he was aware of the policy that did not allow one inmate to complete grievances for another. Id. The Plaintiff admitted that he did not complete the grievance process in his Complaint. By his own admission he has failed to exhaust his administrative remedies and dismissal is appropriate for this reason alone.

In opposition to Defendant's argument, Plaintiff persuasively argues he did not pursue the matter through the general grievance process, due to his understanding that as a classification issue the matter

1 was "non-grievable" and his administrative remedy was to follow a different appeal process.  Plaintiff has
2 shown that he participated in the classification appeal process, as evidenced by the letters and appeals
3 written to Belinda Stewart, the Superintendent at Stafford Creek Correction Center.

4     In reply to Plaintiff's opposition to this argument, Defendant states:

> The Plaintiff agreed in his response that he did not fully comply with the grievance process. Docket No. 15 at 2. Instead, he argues that he simply could not grieve it because there was an internal appeal process. This argument does not apply to the Plaintiff's case because the grievance he allegedly filed still did not mention the Defendant's name or the claims presented in the lawsuit. The Plaintiff alleges that he could not grieve because the matter is in regard to administrative segregation hearings or classification decisions. It is not clear from his complaint that these are applicable to his claims. His complaint alleges Defendant Roberts asked him to sign a contract. It is difficult to understand from the documents provided that the contract the Plaintiff signed and the claims alleged in the compliant are not considered grievable. The Plaintiff did not make any attempts to address the problem through the grievance process. It is unknown if the Plaintiff would have received the same response to a grievance regarding Defendant Roberts had he properly filed a grievance against. Without this step, the Plaintiff may not now bring a lawsuit.

12     The undersigned does not accept Defendant's position.  As stated above, Plaintiff did not submit a
13 typical grievance because he believed the challenge to his classification contract was "non-grievable" and
14 he thus, utilized a different appeal process.  Moreover, it appears Plaintiff was correct in his understanding
15 or characterization of the issue as "non-grievable."   On September 26, 2007, Plaintiff filed an "initial
16 grievance", asking if this was a grievable issue or if, in fact, he was required to use the "built in" appeal
17 process for classification issues.  See Doc. 30.  Prison officials responded on October 4, 2007, stating
18 classification issues are not grievable.  *Id.*

19     Accordingly, defendant's motion to dismiss this matter based on the argument that Plaintiff has
20 failed to exhaust available administrative remedies should be denied.

21 B. PLAINTIFF FAILS TO PRESENT A COGNIZABLE CLAIM

22     Plaintiff's complaint is based on the argument that Defendant violated his First Amendment rights
23 when Defendant included the prohibition to prevent Plaintiff from completing or assisting other inmates
24 legal documents in his custody classification contract/agreement.  If Plaintiff violated the terms of his
25 classification agreement he risked being transferred to a maximum custody facility.

26     First, there is no specific constitutional right to a particular custody status within prison
27 population. Hewitt v. Helms, 459 U.S. 460, 467-68, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).  An inmate
28 generally does not have a right to be free from placement in closed custody or administrative segregation.

REPORT AND RECOMMENDATION
Page - 3

1  Smith v. Noonan, 992 F.2d 987 (9th Cir. 1993).  Furthermore, as explained in Defendant's brief in support
2  of her motion to dismiss, inmates do not have a constitutional right to provide legal assistance to other
3  inmates.  Shaw v. Murphy, 532 U.S. 223, (2001).  The Supreme Court's ruling in Shaw v. Murphy, *supr*a
4  overturned the Ninth Circuit's contrary ruling in Murphy v. Shaw, 195 F.3d 1121 (9th Cir. 1999).  Justice
5  Ginsburg wrote: "I agree with the court that the Ninth Circuit erred in holding that the First Amendment
6  secures to prisoners a freestanding right to provide legal assistance to other inmates".  Shaw v. Murphy,
7  532 U.S. at 232.  The Supreme Court refused to give any special protection to legal assistance provided by
8  one inmate to another in part because of administrative problems attendant to this type of activity.
9       Moreover, the Supreme Court previously held that prison officials must allow inmate legal
10 assistance if the state did not provide legal assistance to inmates.  Johnson v. Avery, 393 U.S. 483 (1969).
11 However, Johnson v. Avery, explicitly held that where prison officials provide inmates reasonable legal
12 assistance, prison officials may prohibit inmates from giving other inmates legal assistance. Id.
13      Here, Plaintiff's claims fail because he does not have a federally protected right to provide legal
14 assistance to other inmates and his claim also fails under Johnson v. Avery, *supra* because Washington
15 State provides reasonable legal assistance to inmates, and may therefore impose limitations on inmates
16 giving legal assistance to other inmates.   By statute, Washington inmates have access to a licensed
17 attorney to assist them in legal matters.  *See* RCW 72.09.190.

18                                      CONCLUSION

19      Based on the foregoing discussion, the Court should grant defendants' motion to dismiss plaintiff's
20 complaint.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
21 parties shall have ten (10) days from service of this Report to file written objections. *See also*
22 Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
23 Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is
24 directed to set the matter for consideration on **March 7, 2008**, as noted in the caption.
25      DATED this 14th day of February, 2008.
26
27                                            */s/ J. Kelley Arnold*
                                              J. Kelley Arnold
28                                            United States Magistrate Judge